IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JAMES MICHAEL WILLIAMS, | : | |
| Plaintiff | : | |
| VS. | : | 1 : 08-CV-28 (WLS) |
| DR. AYERS, | : | |
| Defendant. | : | |

## RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is the defendant's Motion for Summary Judgment. The undersigned notified the plaintiff of the filing of the defendant's motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order. As of July 1, 2009, the plaintiff has filed to respond to either the court's directives or the defendant's motion. Records indicate that the plaintiff was paroled from the custody of the Georgia Department of Corrections on August 28, 2008.

*Background*

The plaintiff, who suffers from Hepatitis C ("HCV"), filed the complaint underlying this lawsuit in February 2008. In his complaint, the plaintiff alleges that while housed at Calhoun State Prison, he required but was denied a liver biopsy by defendant Dr. Ayers. Plaintiff asserts that on October 14, 2006, a doctor from Augusta State Medical prison stated that he would be receiving a liver biopsy, but Dr. Ayers allegedly delayed the paperwork for this procedure until after March 2007. According to the allegations as set forth in plaintiff's complaint, as of the date

he signed said complaint in February 2008, the plaintiff had yet to receive his liver biopsy.

However, Dr. Ayers maintains that the plaintiff actually received a liver biopsy on August 9, 2007, some seven (7) months prior to his filing this suit, and the biopsy showed normal liver limits and no liver damage.  Dr. Ayers further asserts that the plaintiff's Hepatitis C infection did not qualify him as a candidate for antiviral treatment, although he continued to receive treatment for his Hepatitis C infection in the prison's Chronic Clinic.

*Discussion*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991).  Dr. Ayers has supported his motion for summary judgment with his affidavit, portions of the plaintiff's medical records, and certain procedures from the Georgia Department of Corrections regarding treatment of inmates carrying a hepatitis infection.

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry.  First, a plaintiff must set forth evidence of an objectively serious medical need.  Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal citations omitted).  "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence."  McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

According to the plaintiff's medical records and Dr. Ayers' affidavit testimony, which remain unrefuted by the plaintiff, plaintiff received a telemedicine appointment with a specialist about his HCV infection on October 16, 2006, following a recommendation for said consultation from Dr. Ayers.  On October 17, 2006, Dr. Ayers placed a request for plaintiff to receive a liver biopsy, which he ultimately received in August 2007.  This biopsy revealed that the plaintiff did not meet the criteria for receipt of antiviral treatment, in that the biopsy revealed normal limits and no liver damage. The specialist who performed the liver biopsy delivered these results to the plaintiff via a telemedicine appointment on September 20, 2007.  A follow-up liver function test was scheduled for six months later. Plaintiff was seen by Calhoun State Prison medical personnel more than forty-six (46) times between December 2006 through May 2008 for a variety of complaints, as well as for routine treatment for his HCV infection.

To the extent that the plaintiff disagrees with the course of treatment provided by the defendant, such disagreement over the proper course of medical treatment will not support a claim of deliberate indifference. "Mere incidents of negligence or malpractice do not rise to the

level of constitutional violations.  Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment."  Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted).

Furthermore, the plaintiff has failed to establish that any delay in treating his HCV condition exacerbated the condition.  "[D]elay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay."  Hill v. DeKalb RYDC, 40 F.3d 1176, 1189 (11th Cir. 1994).  "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed."  Hill, 40 F.3d at 1188.  Plaintiff's medical records as well as Dr. Ayers' affidavit testimony establishes that the plaintiff's condition did not qualify him for antiviral treatment of his HCV, and that the plaintiff continued to receive appropriate treatment for his condition at the Chronic Clinic at CSP.  There is no evidence in the record that the denial of an antiviral treatment, or any delay in providing him with a liver biopsy, caused plaintiff any injury.

Accordingly, it is the recommendation of the undersigned that the defendant's Motion for Summary Judgment be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 1st day of July, 2009.

                                                   /s/ ***Richard L. Hodge***
                                                   RICHARD L. HODGE
                                                   UNITED STATES MAGISTRATE JUDGE

asb